Clarence R. Conger, Appellant, *v.* John Treadway, Respondent.

A cemetery was formerly owned by eleven persons as tenants in common; eight of them executed a power of attorney to G. and M. to sell and convey lots therein. M. did not act. G. undertook the execution of the power and continued to sell lots until he became disabled. Thereafter B. acted as attorney. In an action of ejectment to recover a lot in the cemetery, plaintiff claimed title under a sale in an action for partition between the original owners or their successors in title. Defendant claimed the lot by virtue of a purchase from G., and payment of part of the purchase-price to B., with agreement to pay the balance when the deed. was delivered. It appeared that B. acted as attorney for a number of years, collecting money and paying the liabilities of the owner, and kept a book in which sales of lots were entered, in which was entered the sale of the lot to defendant. Defendant, immediately after his purchase, took possession of the lot, improved, graded and sodded it, buried seven persons therein and had been in possession for over twenty years. No deed was ever tendered to him. *Held*, that a verdict was properly directed for defendant; that while no express authority for B. to act as attorney was shown, the fact that he did so with the knowledge and consent of the owners necessarily raised the inference of authority, and

defendant, therefore, was rightfully in possession, and if the contract for the purchase was to be considered as executory, he was entitled to possession until the production and delivery to him of a deed; if not executory, he having entered under claim of title, acquired title by adverse possession.

(Argued March 7, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1889, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Irving Brown* for appellant. The defendant was erroneously permitted to testify in his own behalf to conversations and transactions with Gurnee concerning these lands and the lot in question, with the purpose of establishing acquiescence on the part of Gurnee, then an owner, in his claim of right to the possession or ownership of the plot in question. (Code Civ. Pro. § 829; *Chaffee* v. *Goddard*, 42 Hun, 150; *Holcomb* v. *Holcomb*, 95 N. Y. 317; *Stuart* v. *Paterson*, 37 Hun, 119; *Oliver* v. *Freligh*, 36 id. 633.) The defendant having been unable to show any authority on the part of Richard T. Blanche to act for the owners, his payment to him of part of the amount agreed on with Gurnee was no payment for the plot, and the tender of " the balance " was no tender. The defendant is in the position of neglecting or refusing to perform, and ejectment lies. (*Marvin* v. *Wilbur*, 52 N. Y. 270; *Snook* v. *Lord*, 56 id. 605; *Scott* v. *Stevenson*, 3 Hun, 352; *People* v. *Parish*, 4 Den. 153; *Ives* v. *Davenport*, 3 Hill, 373.) In no case can it be assumed that Gurnee was authorized to act for Isaiah Milburn (his co-attorney), or for Daniel R. Weed, who did not execute the power. The defendant was unable to give proof of this, and the strongest claim he can make for his alleged contract with Gurnee is that it entitles him to nine undivided elevenths of the land. He is even so a tenant in common, claiming exclusive possession against his co-tenant, and eject-

ment was the plaintiff's only remedy against him. (*Newton* v. *Bronson,* 13 N. Y. 587 ; *Florence* v. *Hopkins,* 46 id. 182.) Defendant is not now in a position to demand specific performance of the contract, even if it were binding on the plaintiff. (*Delavan* v. *Duncan,* 49 N. Y. 487, 488 ; *Guest* v. *Humphrey,* 5 Ves. 818, 823 ; *Edgerton* v. *Peckham,* 11 Paige, 352 ; *Finch* v. *Parker,* 49 N. Y. 1 ; *Milward* v. *Thanet,* 5 Ves. 720.)

*Geo. W. Weiant* for respondent. An equitable title may be interposed as a defense in an action of ejectment. (*Glacken* v. *Brown,* 39 Hun, 294; *Risley* v. *Price,* 40 Hun, 585 ; Code Civ. Pro. § 507.) The facts proved showed the defendant to be a purchaser in possession and not in default. (*Kelly* v. *Burrows,* 102 N. Y. 93.) The evidence being such that a verdict for the defendant could have been sustained, the direction to find such verdict was not error. (*Stratford* v. *Jones,* 97 N. Y. 586 ; *Mayor* v. *Sands,* 39 Hun, 519 ; *O'Neil* v. *James,* 43 N. Y. 84; *Nichols* v. *Martin,* 35 Hun, 168–173 ; *Village of Port Jervis* v. *F. N. Bank,* 96 N. Y. 550–560.) It was competent to give in evidence the statements and acts of John S. Gurnee, wherein he was acting as agent of the owners of the cemetery. (*Hildebrandt* v. *Crawford,* 65 N. Y. 107 ; *Pratt* v. *Elkins,* 80 id. 196 ; *Chadwick* v. *Turner,* 69 id. 404; *Worrall* v. *Munn,* 5 id. 229.) No technicality should avail plaintiff. (*Conger* v. *Treadway,* 3 N. Y. Supp. 152 ; 7 id. 809.)

HAIGHT, J. This action is in ejectment to recover a plot of ground known as lot No. 192 of Mount Repose cemetery in Haverstraw, N. Y.

The cemetery was formerly owned by eleven persons as tenants in common. In the month of April, 1854, a power of attorney was executed by eight of the tenants in common to John S. Gurnee and Isaiah Milburn, to grant, bargain and sell the premises in question for such sums or prices as to them shall seem meet, and to execute, acknowledge and deliver good

and sufficient deeds and conveyances for the same. Daniel R. Weed, one of the owners, did not join in this power of attorney, and it appears that Isaiah Milburn, one of the attorneys so appointed, took no active part therein. Gurnee undertook the execution of the power and continued to sell lots as long as he was physically able to attend to the matter, and thereafter, and after his death, R. T. Blanche, his son-in-law, acted as the attorney and controller of the owners for the space of about eight years, and until his death.

The plaintiff claims to be the owner by reason of a purchase under a sale made in an action to partition among the original owners or their heirs or devisees.

Upon the trial the defendant was permitted to testify that he purchased the lot in question of Gurnee, agreeing to pay therefor the sum of $72.50; that he entered possession and buried his daughter therein more than twenty years before this action was brought, and has since buried his wife and five grandchildren therein.

Inasmuch as Gurnee was one of the tenants in common, and at the time this action was tried was deceased, there may be some question as to the right of the defendant to testify to the personal transaction he claims to have had with him.

We shall, therefore, for the purposes of this action, disregard that evidence, and from that which remains determine whether the trial court properly directed a verdict.

It is contended that Blanche had no authority to act for the owners in selling burial lots, but it appears that he did so act for a number of years with their knowledge; that he collected money and paid the liabilities of the owners; kept a book in which the sales of lots were entered, with the amounts paid, etc. These facts fully appear from the testimony of McKenzie, the secretary of the association, and from the widow of Blanche. On the book kept by Blanche of the sale of the burial lots, there appears the following entry:

"April 22, 67, John Treadway, 192—— 21x23—— 483 —— $72.50."

From which we understand that on April 22, 1867, he sold

the defendant lot No. 192, being twenty-one feet by twenty-three feet, amounting to four hundred and eighty-three square feet, for $72.50. On November 1, 1869, the defendant paid Blanche $30.47 as part payment for lot No. 192 and took his receipt therefor, and at the same time agreed to pay the balance of the purchase-money upon the production and delivery of a deed thereof. No deed has ever been tendered him or demand made for the balance of the purchase-money.

Under these facts the trial court directed a verdict for the defendant, and we think properly.

It is evident from the facts that Blanche acted as the attorney of the owners with their knowledge and consent. The land, as we have seen, was devoted by its owners to burial purposes. It was not convenient or practicable for them all to act in the sale of lots, and so it was thought advisable to appoint some one to act for them. And whilst there is a failure to show express authority for Blanche to sell, still, we think, under the evidence, the inference of necessity exists that they had given him such authority. It follows that the defendant is rightfully in possession. If, as is claimed, his contract of purchase is still executory, then under the agreement he was entitled to the possession until the production and delivery to him of a deed of the premises. The failure of the owners to tender a deed has not put the defendant in default. As we have seen, the lot was more than twenty years ago occupied by the defendant for the burial of his dead. On it rest his daughter, his wife and five of his grandchildren. The lot was improved, graded, sodded, and every year he has caused flowers to be planted thereon. His possession has been as exclusive as the nature of the circumstances would permit for upwards of twenty years. He entered under a claim of title through purchase, and if his contract were not executory, his title by adverse possession would be complete.

The judgment should consequently be affirmed.

All concur, except BROWN, J., not sitting.

Judgment affirmed.